IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| STEVEN L. HICKMAN, | § |
| | § No. 385, 2022 |
| Defendant Below, | § |
| Appellant, | § Court Below—Superior Court |
| | § of the State of Delaware |
| v. | § |
| | § Cr. ID Nos. S2111007403 |
| STATE OF DELAWARE, | § S2112001120 |
| | § |
| Appellee. | § |

Submitted: December 1, 2022
Decided: January 12, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) Steven L. Hickman filed this appeal from a Superior Court order sentencing him for a violation of probation ("VOP"). The State has moved to affirm the judgment below on the ground that it is manifest on the face of Hickman's opening brief that the appeal is without merit. We agree and affirm.

(2) On February 7, 2022, Hickman pleaded guilty to theft of $1500 or more, second-degree conspiracy, and possession of a deadly weapon by a person prohibited ("PDWBPP"). The Superior Court sentenced Hickman as follows: for felony theft, to two years of imprisonment, suspended for one year of Level III probation; for

second-degree conspiracy, to two years of imprisonment, suspended for one year of Level III probation; and for PDWBPP, to three years of imprisonment, suspended for one year of Level III probation.

(3) On July 6, 2022, a probation officer filed a VOP report. The report alleged that Hickman was in violation of probation because on March 4, 2022, police had arrested Hickman and charged him with disorderly conduct; police had charged Hickman with driving with a suspended or revoked license and other motor-vehicle offenses on four dates in April, May, and June 2022; a warrant against Hickman for shoplifting had issued on July 2, 2022; Hickman had not reported any police contact to probation; Hickman had failed to report to probation for required office visits on multiple occasions; Hickman had moved out of the residence that he had reported as his address, without reporting a change of address to probation, and the officer had been unable to contact Hickman since that time; and Hickman had failed to report for a scheduled substance-abuse evaluation as required by his sentencing order. On September 14, 2022, a probation officer filed another VOP report alleging that, in addition to the previously reported violations, Delaware State Police had arrested Hickman on September 5, 2022, and charged him with additional offenses, including carrying a concealed dangerous instrument.

(4) At a VOP hearing on October 7, 2022, the Superior Court found Hickman in violation of probation and sentenced him as follows: for felony theft,

2

to one year and ten months of imprisonment, suspended upon successful completion of a program selected by the Department of Correction for one year of Level III probation; for second-degree conspiracy, to two years of imprisonment, suspended for one year of Level III probation; and for PDWBPP, to three years of imprisonment, suspended for one year of Level III probation. Hickman has appealed.

(5) On appeal, Hickman appears to argue that the court could not find him to be in violation of probation for incurring new criminal charges before he was convicted of the new offenses. The record before the Court on appeal does not reflect on what basis the Superior Court found Hickman to be in violation of probation.[1] But the VOP report asserted that Hickman was in violation of probation based on incurring new charges and failing to report police contact; Hickman does not dispute that he incurred new charges, nor does he claim that he reported his contact with police. The Superior Court has the authority to revoke probation and to impose a VOP sentence on the basis that a probationer has been charged with new criminal conduct, regardless of whether the new charges have yet been adjudicated.[2]

---

[1] See *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987) (stating that the appellant has the burden to produce such portions of the transcript as are necessary to give this Court a fair and accurate account of the context in which the claim of error occurred and all evidence relevant to the challenged finding or conclusion).

[2] See *Wood v. State*, 2012 WL 3656404, at *1 (Del. Aug. 24, 2012) ("There is no merit to Wood's claim that he could not be found guilty of a VOP on the basis of new and unproven criminal charges. Delaware law provides that the Superior Court has the authority to revoke probation on the basis that a probationer has been charged with new criminal conduct."); *Cruz v. State*, 990 A.2d

Moreover, unlike in a criminal trial, the State must prove a VOP by only a preponderance of the evidence, which is "some competent evidence" to "reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation."[3]  Because the standard of proof of a VOP is lower than the "reasonable doubt" standard that applies in a criminal trial, "we have held that the Superior Court has the authority to revoke a defendant's probation for incurring new criminal charges even if those charges are later dismissed."[4]

(6)     Hickman also appears to challenge the allegation in the VOP report that he failed to report to numerous required office visits on the basis that he called or sent information via fax to the probation officer instead.  Again, although Hickman has not provided a transcript of the VOP hearing, his argument seems to concede that he did not attend the required meetings.  We find no basis for reversing the Superior Court's determination that Hickman had violated his probation.

(7)     Finally, to the extent that Hickman challenges the VOP sentence that the Superior Court imposed, this Court's appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence is within statutory

---

409 (Del. 2010) (affirming VOP that was based on probationer's incurring new criminal charges of which defendant had been acquitted before VOP was imposed); *see also Kurzmann v. State*, 903 A.2d 702, 717 (Del. 2006) ("The State can proceed against a probationer by filing a VOP petition alleging a new criminal offense, even if the State concedes that it does not have enough evidence to prosecute the probationer and to establish beyond a reasonable doubt that he has committed the underlying criminal offense.").

[3] *Trotter v. State*, 2022 WL 2311083, at *1 (Del. June 27, 2022) (internal quotations omitted).

[4] *Id.*

4

limits.[5]  Once Hickman committed a VOP, the Superior Court was authorized to impose any period of incarceration up to and including the balance of Level V time remaining on his sentence.[6]  The record does not reflect, and Hickman does not argue, that the VOP sentence exceeded statutory limits or the Level V time that was previously suspended.  We find no basis for reversal.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.


BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[5] *Kurzmann*, 903 A.2d at 714.
[6] 11 *Del. C.* § 4334(c).